# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Edward B. Avery, Sr.,

    Petitioner,

v.

Warden, Marion Correctional Institution,

    Respondent.

Case No. 2:18-cv-387

Judge Michael H. Watson

Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

On March 28, 2019, after conducting an evidentiary hearing, the Magistrate Judge issued an Order and Report and Recommendation ("Order and R&R") recommending that Respondent's Motion to Dismiss this action as barred by the one-year statute of limitations, ECF No. 6, be denied and that Petitioner's Request to Hold Action in Abeyance, ECF No. 2, be denied as moot. ECF No. 21. Both the Petitioner and the Respondent have filed Objections to the Order and R&R. ECF Nos. 24, 25. Respondent has responded to Petitioner's objections. ECF No. 26.

Petitioner challenges his August 4, 1997, convictions after a jury trial in the Union County Court of Common Pleas on rape, robbery, aggravated burglary, and kidnapping with a sexual motivation specification. On May 12, 1999, he filed his first § 2254 petition. On June 9, 2000, this Court dismissed that action without prejudice at Petitioner's request. *Avery v. Brigano*, No. 2:99-cv-459. On

February 13, 2002, Petitioner filed a second § 2254 petition. On January 13, 2002, this Court dismissed that action as time-barred. *Avery v. Wilson*, No. 2:02-cv-139. Subsequently, on November 23, 2010, the trial court conducted a de novo sentencing hearing due to its prior failure to properly notify Petitioner of post-release control ("PRC"), and on November 24, 2010, re-sentenced him to an aggregate term of thirty years. *See State v. Avery*, 3rd Dist. No. 14-10-35, 2011 WL 3656470 (Ohio Ct. App. Aug. 22, 2011). The state appellate court affirmed the trial court's judgment. *Id.* On January 18, 2012, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Avery*, 131 Ohio St.3d 1412 (Ohio 2012).

Thereafter, on January 23, 2013, Petitioner filed a third § 2254 petition; however, on September 13, 2013, this Court transferred that action to the United States Court of Appeals for the Sixth Circuit as successive. *Avery v. Bunting*, No. 2:13-cv-00097. On May 21, 2014, the Sixth Circuit denied authorization for the filing of a successive habeas corpus action. ECF No. 5-2, PAGEID # 886. On July 21, 2017, Petitioner filed a second motion for authorization for the filing of a successive habeas corpus petition. *Id.* at PAGEID # 898. On February 21, 2018, the Sixth Circuit issued an Order denying that motion as unnecessary, in view of Petitioner's 2010 re-sentencing hearing, and under *King v. Morgan*, 807 F.3d 154 (6th Cir. 2015) (holding that a new judgment of sentence issued after a full re-sentencing permits a Petitioner to challenge his conviction without triggering the second or successive requirements), and *In re Stansell*, 828 F.3d

412, 417 (6th Cir. 2016) (even a partial re-sentencing to include a term of post-release control creates "a new judgment, which reopens challenges to any aspect of that judgment, whether related to the conviction, the sentence, or both."). ECF No. 7-1, PAGEID # 949–51.

Thus, on April 12, 2018, Petitioner submitted this, his fourth habeas corpus petition, to prison officials for mailing. ECF No. 1, PAGEID # 16. Respondent seeks dismissal of this action as time-barred. The Court appointed counsel to represent Petitioner at an evidentiary hearing for the limited purpose of determining whether Petitioner diligently pursued relief following the Sixth Circuit's May 23, 2014 Order denying him authorization for the filing of a successive § 2254 petition. On March 28, 2019, the Magistrate Judge issued the Order and R&R recommending denial of Respondent's Motion to Dismiss this action as time barred. ECF No. 21. As discussed, both the Petitioner and the Respondent have filed objections to the R&R. ECF Nos. 24, 25. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. For the following reasons, Petitioner's Objections, ECF No. 25, and Respondent's Objections, ECF No. 24, are **OVERRULED**. The Order and R&R, ECF No. 21, is **ADOPTED** and **AFFIRMED**. Respondent's Motion to Dismiss, ECF No. 6, is **DENIED**. Petitioner's Request to Hold Action in Abeyance, ECF No. 2, is **DENIED**, as moot.[1]

---

[1] Neither party objects to the denial of Petitioner's Request to Hold Action in Abeyance, ECF No. 2, as moot.

Respondent shall file a response to the Petition that conforms to the requirements of Rule 5 of the Rules Governing § 2254 Cases within thirty (30) days. Petitioner may file a reply within thirty (30) days thereafter.

**Petitioner's Objections**

Petitioner objects to Respondent's filing of any further response after the filing of the Motion to Dismiss, arguing that the doctrine of waiver precluded any such additional response. Petitioner also opposes the characterization of his September 8, 2017 Motion to Vacate, see ECF No. 5-1, PAGEID # 779, as a postconviction or collateral proceeding, but indicates that he has now exhausted state court proceedings and does not object to the dismissal of his Request to Hold Action in Abeyance, ECF No. 2, as moot.

It is "well within the discretion of the Court to permit and consider a response to an order to respond to the Petition in the form of a motion to dismiss." *Small v. Warden, Ross Correctional Inst.*, 2013 WL 9894270, at *1 (S.D. Ohio Aug. 9, 2013). Thus, Respondent's filing of a Motion to Dismiss does not bar the Respondent from arguing for dismissal of the petitioner's claims on other grounds. *See also Davison v. Warden, Warren Correctional Inst.*, No. 2:18-cv-00495, 2019 WL 1109566, at *4 (S.D. Ohio March 11, 2019) (noting that it has been this Court's practice to accept such responsive pleadings by the Respondent in response to a show cause order).

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that "the judge must order the respondent to file an answer,

motion, or other response . . . or to take other action the judge may order." The Advisory Committee Notes to original Rule 4 (1976) explain that although "it has been suggested that an answer should be required in every habeas proceeding . . . However, under § 2243 it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Notes to Rule 4, 1976 Adoption, relying approvingly on *Allen v. Perini*, 424 F.2d 131, 141 (6th Cir.1970). Additionally, the Advisory Committee Notes discussing the amended Rule 4 (2004) state that "[t]he amended rule reflects that the response to a habeas petition may be a motion." Advisory Committee Notes to Rule 4, 2004 Amendments.

Rule 5(a) of the Rules Governing § 2254 Cases in the District Courts, 28 U.S.C. foll. § 2254 (effective Dec. 1, 2004), reinforces the discretion afforded the court to consider a motion to dismiss prior to requiring an answer from a respondent in a habeas proceeding. Rule 5(a) provides that "[t]he respondent is not required to answer the petition unless a judge so orders." As explained by the Advisory Committee Notes to Rule 5:

> The revised rule [5(a)] does not address the practice in some districts, where the respondent files a pre-answer motion to dismiss the petition. But revised Rule 4 permits that practice and reflects the view that if the court does not dismiss the petition, it may require (or permit) the respondent to file a motion.

Advisory Committee Notes to Rule 5, 2004 Amendments (emphasis added).

Petitioner's Objections, ECF No. 25, are **OVERRULED**.

**Respondent's Objections**

Respondent raises numerous objections to the recommendations of the Magistrate Judge. Preliminarily, Respondent objects to the Court's application of *Crangle v. Kelly*, 838 F.3d 673 (6th Cir. 2016), to determine the start date for the running of the statute of limitations under the provision of 28 U.S.C. § 2244(d)(1)(A), as the date of the trial court's imposition of new sentence. As discussed, however, this Court has repeatedly rejected Respondent's argument. *See, e.g., Watkins v. Warden, Madison Corr. Inst.*, No. 2:18-cv-590, 2018 WL 3142854, at *4 (S.D. Ohio June 26, 2018) (citing *McKinney v. Warden, Warren Corr. Inst.*, No. 2:14-cv-1992, 2017 WL 2336009, at **10–11 (S.D. Ohio May 30, 2017); *Norris v. Bunting*, No. 2:15-cv-764, 2017 WL 749200, at **7–8 (S.D. Ohio Feb. 27, 2017). The United States Court of Appeals for the Sixth Circuit, in an unpublished decision, has also indicated that, despite Respondent's argument to the contrary, the reasoning in *Crangle* applies to the scenario herein, in view of the Supreme Court's decision in *Magwood v. Patterson*, 561 U.S. 320 (2010). *See Bachman v. Wilson*, 747 F. App'x 298, 304 (6th Cir. 2018). Other courts also have applied *Crangle* to the correction of a judgment entry to include a term of post-release control, regardless of whether the new judgment of sentence may be viewed as a "worse-than-before" sentence. *See Brown v. Harris*, No. 3:17-cv-80, 2018 WL 1629103, at *10 (S.D. Ohio April 5, 2018) (The "Court should not second-guess the Sixth Circuit's decision in *Crangle* by limiting it to post-release control corrections that impose a 'worse-than-before' sentence.")); *see also*

*Barclay v. Tibbals*, No. 5:13-cv-124, 2018 WL 8187870 (N.D. Ohio April 20, 2018). This Court agrees with the reasoning of those courts.

Respondent also objects to the statute of limitations being equitably tolled. Respondent argues that Petitioner did not act diligently in waiting until April 12, 2018, approximately five years after the statute of limitations expired, on April 18, 2013, to file his habeas corpus petition. Respondent compares this case to other cases denying equitable tolling on the basis of a prisoner's pro se, incarcerated status, and limited access to the prison's law library. *See Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 752 (6th Cir. 2011). Respondent distinguishes this case from the facts in *Jones v. United States*, 689 F.3d 621 (6th Cir. 2012), and argues that other unreported decisions from the Sixth Circuit support the denial of relief.[2] Respondent maintains that this case is not unusual or unique. Respondent contends that Petitioner's failure to act further, before May 2017, when he learned from a prison inmate about the change in law on the filing of a successive or second habeas corpus petition after a re-sentencing hearing, demonstrates a lack of diligence that militates against equitable tolling. To reach any contrary conclusion, Respondent contends, would reward a

---

[2] Respondent refers to *In re Mackey*, No. 13-3072, ECF No. 10-1, PAGEID # 1136, and *In re Lonnie Rarden*, No. 15-14216, ECF No. 10-2, PAGEID # 1142, denying authorization for the filing of a successive habeas corpus petition; however, both of those cases were issued prior to the Sixth Circuit's July 1, 2016, decision in *In re Stansell*, 828 F.3d at 412. In *Carnail v. Marquis*, No. 17-3222, 2018 U.S. App. LEXIS 9652 (6th Cir. April 16, 2018), also referred to by the Respondent, the Sixth Circuit remanded the case to the District Court on a Rule 60(b) appeal, based on the change in law caused by *In re Stansell*. However, none of the foregoing cases address the statute of limitations issue presently before this Court.

prisoner for sitting on his rights and claiming ignorance of the law, thereby improperly eviscerating the diligence requirement. Referring to *Gonalez v. Crosby*, 545 U.S. 524, 536 (2005), Respondent objects to a finding of extraordinary circumstances based on a change in law. Respondent objects to equitable tolling based on Petitioner's pro se status during the time of the filing of his motion for authorization for the filing of a successive habeas corpus petition, after his re-sentencing, or otherwise. Respondent also objects to any determination that the Sixth Circuit's Order, stating that Petitioner faced "no procedural impediment" to the filing of a new § 2254 action, ECF No. 7-1, PAGEID # 951, implicates the bar to filing imposed under the one-year statute of limitations of 28 U.S.C. § 2244(d).

After a careful consideration of the entire record, this Court is not persuaded by Respondent's arguments. "[T]he propriety of equitable tolling must necessarily be determined on a case-by-case basis." *Betts v. Central Ohio Gaming Ventures, LLC*, 351 F. Supp. 3d 1072, 1075 (S.D. Ohio 2019) (quoting *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998)). Moreover,

> [w]hile the Sixth Circuit has held that equitable tolling should be applied "sparingly," *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006), the Court has "also recognized the need for flexibility in equitable procedures." *Stiltner v. Hart*, 657 F. App'x 513, 520 (6th Cir. 2016) (citing *Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012)). Such "flexibility . . . enables courts to meet new situations that demand equitable intervention, and to accord all the relief necessary to correct particular injustices." *Jones*, 689 F.3d at 627 (quoting *Holland*, 560 U.S. at 650, 130 S. Ct. 2549).

*Byrd v. Bauman*, 275 F. Supp. 3d 842, 846 (E.D. Mich. March 20, 2017). "The 'flexibility' inherent in 'equitable procedure' enables courts 'to meet new situations [that] demand equitable intervention, and to accord all the relief necessary to correct . . . particular injustices.'" *Holland v. Florida*, 560 U.S. 631, 650 (2010). To obtain equitable tolling of the statute of limitations, a litigant must establish that he has been diligently pursuing relief and that some extraordinary circumstance stood in his way of timely filing. *Id.* at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Court is persuaded that Petitioner has established such circumstances here.

After his re-sentencing on January 23, 2013, Petitioner timely filed his third habeas corpus petition. Unfortunately for the Petitioner, this Court transferred that action to the Sixth Circuit as successive under the Circuit Court's law at that time. The Sixth Circuit, in turn, denied Petitioner authorization for the filing of a successive habeas corpus petition. ECF No. 5-2, PAGEID # 886. Despite Respondent's arguments to the contrary, Petitioner reasonably concluded that no options remained for him to challenge that ruling at that time.

Further, on July 11, 2017, barely more than one year from the Sixth Circuit's decision in *In re Stansell*, 828 F.3d at 412, the pivotal case providing the change in the law that would permit the re-filing of this habeas corpus Petition, Petitioner executed his second motion for authorization for the filing of a successive petition. *See* ECF No. 5-2, PAGEID # 905. Under these circumstances, which are not common to many habeas petitioners, and for the

reasons detailed by the Magistrate Judge, this Court concludes that equitable tolling is warranted here.

Petitioner's Objections, ECF No. 25, and Respondent's Objections, ECF No. 24, are **OVERRULED**. The Order and R&R, ECF No. 21, is **ADOPTED** and **AFFIRMED**. Respondent's Motion to Dismiss, ECF No. 6, is **DENIED**. Petitioner's Request to Hold Action in Abeyance, ECF No. 2, is **DENIED**, as moot.

Respondent shall file a response to the Petition that conforms to the requirements of Rule 5 of the Rules Governing § 2254 Cases within thirty (30) days. Petitioner may file a reply within thirty (30) days thereafter.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**United States District Court**