# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

EDWARD B. AVERY, SR.,

    Petitioner,

v.

WARDEN, MARION
CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 2:18-cv-387
Judge Michael H. Watson
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Petition (Doc. 1), Respondent's Return of Writ and Supplemental Memorandum in support (Docs. 32, 45), Petitioner's Reply (Doc. 44) and the exhibits of the parties. For the reasons that follow, the undersigned **RECOMMENDS** that this action be **DISMISSED.**

## I. BACKGROUND

### A. State Court History

Petitioner challenges his August 4, 1997, convictions after a jury trial in the Marysville County Court of Common Pleas on charges of rape, robbery, aggravated burglary, and kidnapping with a sexual motivation specification. This case has a lengthy procedural history. The Ohio Court of Appeals summarized the facts as follows:

> The facts leading to appellant's conviction[s] for the above crimes occurred on March 14, 1997. That morning appellant returned to an apartment complex in Marysville, Ohio, after a long night of drinking, to find himself locked out of the apartment where he was staying. While waiting for the other occupants of the apartment to return home, appellant sought refuge from the rain on an apartment patio belonging to Vicky Johnson, another tenant in the complex. From her patio, appellant watched Vicky Johnson and her boyfriend until they left the building. While they were gone, appellant entered the apartment through an unlocked door.

> Meanwhile, Johnson drove her boyfriend to work and returned home shortly before 6:00 a.m. As Johnson entered her bedroom, she was attacked by appellant. A short struggle ensued as appellant covered Johnson's head with a shirt and threw her down on the bed. Appellant proceeded to rape Johnson, using a blanket to further blind her and protect his anonymity. At one point, Johnson did catch a glimpse of appellant's fingers and knew her attacker was black. After the rape, appellant led Johnson to the bathroom, her head still covered, and told her to shower. Although the door to the restroom did not lock, Johnson was able to brace her body between the sink and the door to keep appellant from reentering the bathroom. Appellant finally left Johnson's apartment through the patio door, picking up $2 from a coffee table before leaving.
>
> Appellant was subsequently arrested and confessed to the events surrounding the rape of Vicky Johnson on March 14, 1997. Appellant pled not guilty to the charges against him, and his case proceeded to trial. Appellant was subsequently found guilty by a jury of rape, aggravated burglary, robbery, and kidnapping, and was sentenced by the trial court as described above.

*State v. Avery*, 709 N.E.2d 875, 878 (Ohio Ct. App. 1998). The trial court sentenced Petitioner to an aggregate term of 30 years imprisonment, and adjudicated him a sexual predator. *See id.* Petitioner filed a timely appeal. He asserted the following claims:

> "Appellant was deprived of a fair trial and due process as guaranteed by the Ohio and U.S. Constitutions, by the state's misleading bill of particulars regarding the kidnapping charge, as well as by the court's abuse of discretion in permitting the state to constructively amend the indictment and bill of particulars at trial."

\*\*\*

> "The trial court abused its discretion by failing to instruct the jury that its verdict must be unanimous as to the specific kidnapping alternatives available under R.C. 2905.01, resulting in a violation of defendant's sixth amendment right to a unanimous verdict."

\*\*\*

> "Appellant was deprived of a fair trial and due process as guaranteed by the Ohio and U.S. Constitutions, due to the ineffective assistance of counsel."

\*\*\*

> "The sentence is contrary to law, as the record supports neither the consecutive maximum sentences, nor the sexual predator classification, which is authorized by an unconstitutionally vague statute."

*Id*. at 878–84. On April 14, 1998, the appellate court affirmed the judgment of the trial court. *Id.* at 887. Petitioner did not file a timely appeal. On March 7, 2001, the Ohio Supreme Court denied Petitioner's motion for a delayed appeal. *State v. Avery*, 743 N.E.2d 401 (Ohio 2001).

On July 23, 1998, Petitioner filed an application for reopening of the appeal pursuant to Ohio Appellate Rule 26(B). (Doc. 5, PAGEID # 270). On September 18, 1998, the appellate court denied the Rule 26(B) application and subsequently denied Petitioner's motion for reconsideration. (*Id.*, PAGEID # 332, 340). On December 23, 1998, the Ohio Supreme Court dismissed the appeal. (*See* Doc. 5-1, PAGEID # 833).

On November 23, 2010, the trial court conducted a de novo re-sentencing hearing because it had failed to advise Petitioner of the terms of post release control at his initial sentencing hearing.

> On November 24, 2010, the trial court resentenced Avery to an aggregate sentence of thirty years in prison (with credit for time served) and correctly informed him as to PRC. The resentencing entry also included the method of conviction, which was lacking in the previous judgment entry. *See* Crim.R. 32(C); *State v. Baker*, 119 Ohio St.3d 197, 2008–Ohio–3330, 893 N.E.2d 163.

*State v. Avery*, 3rd Dist. No. 14-10-35, 2011 WL 3656470, at *1 (Ohio Ct. App. Aug. 22, 2011). Petitioner challenged that sentence, but the appellate court affirmed the judgment of the trial court. *Id.* And, on January 18, 2012, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Avery*, No. 2011-1696, 959 N.E.2d 1056 (Ohio Jan. 18, 2012).[1]

---

[1] Petitioner has pursued other state collateral action, but those proceedings do not affect resolution of his claims and will not be further detailed here.

3

### B. Prior Federal Habeas Corpus Proceedings

This is Petitioner's fourth federal habeas corpus petition challenging these same convictions. On June 9, 2000, this Court dismissed Petitioner's first federal habeas corpus petition without prejudice at Petitioner's request. *Avery v. Brigano,* No. 2:99-cv-459. On January 13, 2003, the Court dismissed Petitioner's second § 2254 action as time-barred. *Avery v. Wilson*, No. 2:02-cv-139. On September 13, 2013, the Court transferred Petitioner's third § 2254 action to the United States Court of Appeals for the Sixth Circuit as successive. *Avery v. Bunting*, No. 2:13-cv-00097.

On May 21, 2014, the Sixth Circuit denied Petitioner authorization for the filing of a successive habeas corpus action. (Doc. 5-2, PAGEID # 886). Yet, on February 21, 2018, in view of *King v. Morgan*, 807 F.3d 154 (6th Cir. 2015) and *In re Stansell*, 828 F.3d 412, 417 (6th Cir. 2016), the Sixth Circuit issued an Order denying a second motion for authorization for the filing of a successive petition as unnecessary in view of the trial court's 2010 re-sentencing hearing. (Doc. 7-1, PAGEID # 949-51).

### C. Current Habeas Corpus Petition

Thereafter, on April 25, 2018, Petitioner filed this habeas corpus petition. He asserts that his convictions constitute allied offenses of similar import (Claim One); that he was denied a fair trial when a dismissed alternate juror remained in the jury room during deliberations (Claim Two); that his 1997 sentence was void for lack of a final appealable order (Claim Three); that he was denied a fair trial based on improper jury instructions on kidnapping (Claim Four); that he was denied the effective assistance of trial counsel (Claim Five); that he was denied his right to a speedy trial (Claim Six); that police violated *Miranda v. Arizona*, 384 U.S. 436 (1966) (Claim Seven); that the trial court violated *Batson v. Kentucky*, 476 U.S. 79 (1986) (Claim Eight); that

the trial court issued improper jury instructions on Count 2 of the Indictment (Claim Nine); that the trial court issued improper jury instructions on Count 3 of the Indictment (Claim Ten); that the trial court issued improper jury instructions on other essential elements of offenses charged (Claim Eleven); that he was denied the effective assistance of appellate counsel (Claim Twelve); that he was denied due process of law on appeal in relation to Rule 26(B) proceedings (Claim Thirteen); that he was denied the effective assistance of trial and appellate counsel because his attorneys failed to ensure the record was properly transferred to the Court of Appeals (Claim Fourteen); and that the trial court lacked jurisdiction to re-sentence him (Claim Fifteen).

On July 9, 2019, this Court denied Respondent's Motion to Dismiss the action as time-barred. (Doc. 27). On August 26, 2019, the Court denied Respondent's motion for reconsideration. (Doc. 39). The case is now ripe for review. Respondent maintains that Petitioner's claims are not cognizable, waived, or otherwise fail to provide a basis for relief.[2]

## II. VOLUNTARILY WITHDRAWAL OF CLAIMS

As a threshold matter, the Court notes that Petitioner has withdrawn habeas corpus claims three, four, six, seven, eight, and, fourteen, and part of claim five for federal habeas corpus review. (Doc. 44, PAGEID # 1786 n.2). The Court therefore will not address those claims.

## III. PROCEDURAL DEFAULT

Respondent asserts that Petitioner has procedurally defaulted his remaining claims.

### A. Standard

Congress has provided that state prisoners who are in custody in violation of the Constitution or laws or treaties of the United States may apply to the federal courts for a writ of habeas corpus. 28 U.S.C. § 2254(a). In recognition of the equal obligation of the state courts to

---

[2] Respondent again argues that this action is time-barred under the provision of 28 U.S.C. § 2244(d); however, this Court has already rejected this argument and will not address it again.

protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to the state courts for consideration. 28 U.S.C. § 2254(b), (c). If the prisoner fails to do so, but still has an avenue open to present the claims, then the petition is subject to dismissal for failure to exhaust state remedies. *Id.*; *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*) (citing *Picard v. Connor*, 404 U.S. 270, 275–78 (1971)). Where a petitioner has failed to exhaust claims but would find those claims barred if later presented to the state courts, "there is a procedural default for purposes of federal habeas." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

The term "procedural default" has come to describe the situation where a person convicted of a crime in a state court fails (for whatever reason) to present a particular claim to the highest court of the State so that the State has a fair chance to correct any errors made in the course of the trial or the appeal before a federal court intervenes in the state criminal process. This "requires the petitioner to present 'the same claim under the same theory' to the state courts before raising it on federal habeas review." *Hicks v. Straub*, 377 F.3d 538, 552–53 (6th Cir. 2004) (quoting *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987)). One of the aspects of "fairly presenting" a claim to the state courts is that a habeas petitioner must do so in a way that gives the state courts a fair opportunity to rule on the federal law claims being asserted. That means that if the claims are not presented to the state courts in the way in which state law requires, and the state courts therefore do not decide the claims on their merits, neither may a federal court do so. *See Wainwright v. Sykes*, 433 U.S. 72, 87 (1977) (holding that "contentions of federal law which were not resolved on the merits in the state proceeding due to respondent's failure to raise

them there as required by state procedure" also cannot be resolved on their merits in a federal habeas case—that is, they are "procedurally defaulted").

To determine whether procedural default bars a habeas petitioner's claim, courts in the Sixth Circuit engage in a four-part test. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *see also Scuba v. Brigano*, 259 F. App'x 713, 718 (6th Cir. 2007) (following the four-part analysis of *Maupin*). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Maupin*, 785 F.2d at 138. "Second, the court must determine whether the state courts actually enforced the state procedural sanction." *Id.* (collecting cases). "Third, the court must decide whether the state procedural forfeiture is an 'adequate and independent' state ground on which the state can rely to foreclose review of a federal constitutional claim." *Id*. Finally, if "the court determines that a state procedural rule was not complied with and that the rule [has] an adequate and independent state ground, then the petitioner" may still obtain review of his or her claims on the merits if the petitioner establishes: (1) cause sufficient to excuse the default and (2) that he or she was actually prejudiced by the alleged constitutional error. *Id*.

Turning to the fourth part of the *Maupin* analysis, in order to establish cause, petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Constitutionally ineffective counsel may constitute cause to excuse a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). In order to constitute cause, an ineffective assistance of counsel claim generally must "'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" *Edwards*, 529 U.S. at 452 (quoting *Murray*, 477 U.S. at 479). That is because, before counsel's ineffectiveness will

constitute cause, "that ineffectiveness must itself amount to a violation of the Sixth Amendment, and therefore must be both exhausted and not procedurally defaulted." *Burroughs v. Makowski*, 411 F.3d 665, 668 (6th Cir. 2005). Or, if procedurally defaulted, petitioner must be able to "satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance claim itself." *Edwards*, 529 U.S. at 450–51.

If, after considering all four factors of the *Maupin* test, the court concludes that a procedural default occurred, it must not consider the procedurally defaulted claim on the merits unless "review is needed to prevent a fundamental miscarriage of justice, such as when the petitioner submits new evidence showing that a constitutional violation has probably resulted in a conviction of one who is actually innocent." *Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013) (citing *Murray*, 477 U.S. at 495–96).

**B. Application**

Applying the *Maupin* test here demonstrates that Petitioner has procedurally defaulted Claims One, Two, Five, Nine, Ten, Eleven, and Fifteen.[3] First, Ohio's doctrine of *res judicata* requires claims appearing on the face of the record to be made on direct appeal, and Petitioner failed to comply with that rule here. *See Teitelbaum v. Turner*, No. 2:17-cv-583, 2018 WL 2046456, at *15 (S.D. Ohio May 2, 2018) (citing *Hill v. Mitchell*, No. 1:98-CV-452, 2006 WL 2807017, at *43 (S.D. Ohio Sept. 27, 2006)) ("It is well-settled that '[c]laims appearing on the face of the record must be raised on direct appeal, or they will be waived under Ohio's doctrine of *res judicata*.'"). Second, Ohio courts consistently enforce the doctrine of *res judicata* and refuse to review the merits of procedurally barred claims. *See, e.g.*, *State v. Cole*, 443 N.E.2d

---

[3] In Claim One, Petitioner asserts that his convictions on rape and kidnapping violate the Double Jeopardy Clause. (*See Reply*, Doc. 44, PAGEID # 1786). In Claim Two, Petitioner asserts that the trial court violated his right to a fair trial by permitting a juror who had been dismissed to participate in deliberations. (PAGEID # 1788). In Claims Five, Nine, Ten, and Eleven, Petitioner asserts that he was denied a fair trial by improper jury instructions. (PAGEID # 1789). In claim Fifteen, asserts that the trial court lacked jurisdiction to re-sentence him.

169 (Ohio 1982). Third, the Sixth Circuit has held that Ohio's doctrine of *res judicata* is an independent and adequate ground for denying federal habeas relief. *See, e.g.*, *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *Coleman v. Mitchell*, 268 F.3d 417, 427–29 (6th Cir. 2001); *Seymour v. Walker*, 224 F.3d 542, 555 (6th Cir. 2000); *Byrd v. Collins*, 209 F.3d 486, 521–22 (6th Cir. 2000); *Norris v. Schotten*, 146 F.3d 314, 332 (6th Cir. 1998). And in this context, Ohio's doctrine of *res judicata* does not rely on or otherwise implicate federal law. As a result, the first three *Maupin* factors are satisfied here.

According to the Petitioner, however, he has preserved his claim regarding the improper participation of a dismissed juror during deliberations by raising the claim on appeal after his re-sentencing hearing. Petitioner further argues that, because the re-sentencing hearing re-started the clock for statute of limitations purposes, application of *res judicata* does not bar this claim from review. (Doc. 44, PAGEID # 1788). Petitioner contends that claim fifteen, in which he asserts that the trial court lacked jurisdiction may be raised at any time. (*Id.*, PAGEID # 1790).

This Court is not so persuaded. Petitioner has not cited, and this Court has not found, any authority to support the arguments. Moreover, the state appellate court explicitly refused to address these issues when Petitioner raised them on appeal after his re-sentencing hearing, concluding that they were barred under Ohio's doctrine of *res judicata*. *See Avery*, 2011 WL 3656470, at *3–4.

In sum, the Undersigned finds that Petitioner has procedurally defaulted Claims One, Two, Five, Nine, Ten, Eleven, and Fifteen.

## C. Cause

Petitioner, however, may still obtain review of his claims on the merits, if he establishes cause for his procedural defaults as well as actual prejudice. "[P]etitioner has the burden of

9

showing cause and prejudice to overcome a procedural default." *Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001) (citing *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999) (internal citation omitted)). A petitioner's *pro se* status, ignorance of the law, or ignorance of procedural requirements are insufficient bases to excuse a procedural default. *Bonilla*, 370 F.3d at 498. Instead, in order to establish cause, a petitioner "must present a substantial reason that is external to himself and cannot be fairly attributed to him." *Hartman v. Bagley*, 492 F.3d 347, 358 (6th Cir. 2007).

As cause for his procedural defaults, and in claims twelve and thirteen, Petitioner asserts the ineffective assistance of appellate counsel. (Doc. 44, PAGEID # 1785). Constitutionally ineffective assistance of counsel indeed may constitute cause to excuse a procedural default. *Edwards*, 529 U.S. at 453. "[B]efore counsel's ineffectiveness will constitute cause, 'that ineffectiveness must itself amount to a violation of the Sixth Amendment, and therefore must be both exhausted and not procedurally defaulted.'" *Johnson v. Turner*, No. 2:14-cv-1908, 2017 WL 2633188, at *2 (S.D. Ohio June 19, 2017) (citing *Burroughs*, 411 F.3d at 668).

Here, the state appellate court denied Petitioner's Rule 26(B) application as untimely, for exceeding page limitations, and, alternatively, for failure to raise an issue of ineffective assistance of appellate counsel. (Doc. 5, PAGEID # 332–33). Petitioner has offered no explanation for not filing his Rule 26(B) application timely. Thus, Petitioner has procedurally defaulted his claim of denial of the effective assistance of appellate counsel. *See Scuba v. Brigano* 527 F.3d 479, 488 (6th Cir. 2007) (enforcing procedural default based on untimely Rule 26(B) application). Moreover, any alternative dismissal on the merits by the state appellate court does not assist the Petitioner. *See Brisco v. Pickaway Corr. Inst.*, 2019 WL 1512543, at *1 (S.D. Ohio Apr. 8, 2019) (citing *Brinkley v. Houk*, 866 F. Supp. 2d 747, 779 (N.D. Ohio 2011)

("[E]ven where the state appellate court 'bases its ruling both on the merits and alternatively on a procedural ground, the procedural ground ruling prevails.'"). This also means that the the denial of the effective assistance of counsel cannot constitute cause for Petitioner's procedural default of Claims One, Two, Five, Nine, Ten, Eleven, and Fifteen.

### D. Actual Innocence

One final point. The actual innocence exception to procedural default allows a petitioner to pursue his constitutional claims if it is "more likely than not" that new evidence—i.e., evidence not previously presented at trial—would allow no reasonable juror to find him guilty beyond a reasonable doubt. *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005). But Petitioner makes no argument that this exception applies, (*see generally* Docs. 1, 44), and nothing in the record suggests that Petitioner could meet the actual innocence standard here.

## IV. RECOMMENDED DISPOSITION

For the foregoing reasons, the Undersigned **RECOMMENDS** that this action be **DISMISSED.**

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

Date: January 31, 2020 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE