UNITED STATES DITRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Edward B. Avery, Sr.,**

      **Petitioner,**

      **v.**

**Warden, Marion
Correctional Institution,**

      **Respondent.**

**Case No. 2:18-cv-387**

**Judge Michael H. Watson**

**Magistrate Judge Kimberly A. Jolson**

## OPINION AND ORDER

On January 31, 2020, the Magistrate Judge issued a Report and

Recommendation ("R&R") recommending that the petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254 be dismissed.  ECF No. 46.  Petitioner

objects to the R&R.  ECF No. 53.  Respondent has filed a Response.  ECF No.

54.  Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review.

For the following reasons, Petitioner's Objection, ECF No. 53, is **OVERRULED.**

The R&R, ECF No. 46, is **ADOPTED** and **AFFIRMED**.  This case is hereby

**DISMISSED**.  The Court **DECLINES** to issue a certificate of appealability.

This Court has detailed the lengthy procedural history of this case in a prior

Opinion and Order, ECF No. 27, PAGEID # 1601–03; *see also* R&R, ECF No.

46, PAGEID # 2450–2453.  Briefly, Petitioner challenges his August 1997

convictions after a jury trial in the Union County Court of Common Pleas on rape,

robbery, aggravated burglary, and kidnapping.  The appellate court affirmed

Petitioner's convictions and sentence.  Petitioner did not file a timely appeal.  The

Ohio Supreme Court denied his motion for a delayed appeal.  The state appellate

court also dismissed Petitioner's application for reopening of the appeal pursuant

to Ohio Appellate Rule 26(B) as untimely.  On November 23, 2010, the trial court

conducted a de novo re-sentencing hearing to advise Petitioner of the terms of

post release control and issued a new judgment entry of sentence.  The

appellate court affirmed that judgment and the Ohio Supreme Court dismissed

Petitioner's subsequent appeal.  Petitioner has filed four federal habeas corpus

petitions pursuant to 28 U.S.C. § 2254 challenging his convictions.  On February

21, 2018, the Sixth Circuit denied Petitioner's motion for authorization for the

filing of a successive § 2254 action as unnecessary in view of *King v. Morgan*,

807 F.3d 154 (6th Cir. 2015), and *In re Stansell,* 828 F.3d 412 (6th Cir 2016).

ECF No. 7-1.  Petitioner now raises nine claims for relief.[1]  He asserts that his

convictions constitute allied offenses of similar import (claim one); that he was

denied a fair trial because a dismissed alternate juror remained in the jury room

during deliberations (claim two); that he was denied the effective assistance of

trial counsel (claim five); that the trial court issued improper jury instructions on

Counts 2 and 3 and on other essential elements of offenses charged (claims

nine, ten, and eleven); that he was denied the effective assistance of appellate

counsel (claim twelve); that he was denied due process in Rule 26(B)

---

[1] Petitioner has withdrawn various claims.  (ECF No. 44, PAGEID # 1786 n.2.)

proceedings (claim thirteen); and that the trial court lacked jurisdiction to re-sentence him (claim fifteen).  The Magistrate Judge recommended dismissal of all of the foregoing claims as procedurally defaulted.   Petitioner objects to that recommendation.

Petitioner maintains that this Court should address the merits of his claims, because the Sixth Circuit remanded the case indicating that no procedural impediments barred the filing of this (his fourth) federal habeas corpus petition. ECF No. 7-1, PAGEID # 951.   He contends that, because the jury did not find him guilty of kidnapping with a sexual motivation specification, but only kidnapping, his sentence is invalid and res judicata does not apply.[2]  Petitioner also argues that res judicata *does bar* review of his claims, because the trial court conducted a de novo re-sentencing hearing to notify him of the terms of post-release control pursuant to *State v. Singleton*, 124 Ohio St.3d 173 (2009) (de novo re-sentencing hearing required for failure properly to impose term of post-release control), prior to the Ohio Supreme Court's decision in *State v. Fischer*, 128 Ohio St.3d 92 (2010) (holding that res judicata applies to second appeal after de novo re-sentencing for notification of post-release control). Therefore, Petitioner argues, the appellate court should have granted him a de novo review.  Additionally, Petitioner argues that the state appellate court improperly applied res judicata in view of a change in Ohio's allied offenses law

---

[2] On August 4, 1997, the trial court issued a nunc pro tunc judgment entry of sentence correcting an apparent clerical error in this regard.

under *State v. Ruff*, 143 Ohio St.3d 114 (2015).  Similarly, he argues that his claim of improper participation by a dismissed juror may properly be addressed by this Court due to a change in Ohio law under *State v. Downour*, 126 Ohio St.3d 508 (2010).  Alternatively, Petitioner asserts that the ineffective assistance of appellate counsel establishes cause for any procedural default.  As cause for his procedural default of that claim, Petitioner now states that he timely delivered his Rule 26(B) application to prison officials for mailing, but they waited thirteen days to send it.  As to his claim that the trial court lacked jurisdiction to re-sentence him, Petitioner argues this issue may be raised, and properly addressed by this Court, at any time.

The Court does not find Petitioner's arguments to be persuasive.  The Sixth Circuit indicated that Petitioner faced "no procedural impediment" to filing a new § 2254 action in this Court in the context of his request for authorization for filing of a successive habeas corpus petition, not in reference to application of *any* potential procedural default.  ECF No. 7-1, PAGEID # 949–51.  Plainly, the Sixth Circuit's order had no bearing on the issue of procedural default.  Further, the trial court's correction of what appears to have been a clerical error in the initial judgment entry of sentence, deleting language indicating that Petitioner had been convicted of a sexual motivation specification in relation to his kidnapping conviction, did not invalidate his convictions or otherwise bar application of res judicata to claims that he failed to present to the state appellate court in the first instance on direct appeal and did not raise in the Ohio Court of Appeals until

after his re-sentencing hearing.  Petitioner refers to, and this Court is aware of,

no legal authority to support this argument.

The state appellate court held that *Fischer,* 128 Ohio St.3d 92, and res

judicata, barred review in Petitioner's re-sentencing appeal of all claims that he

could have raised on direct appeal:

> {¶ 7} Although the issues that Avery raises in this appeal have either
> previously been addressed on appeal, or could have been raised at
> the time of his previous appeals, he again seeks to revisit these issues
> after his new sentencing hearing. However, a recent decision by the
> Supreme Court of Ohio has clarified the extent of review that is
> applicable after a new sentencing hearing is held due to a trial court's
> failure to properly impose PRC. *See State v. Fischer*, 128 Ohio St.3d
> 92, 2010–Ohio–6238, 942 N.E.2d 332.
>
> {¶ 8} The Ohio Supreme Court abrogated portions of *State v. Bezak*,
> 114 Ohio St.3d 94, 2007–Ohio–3250, 868 N.E.2d 961, and held that
> "the new sentencing hearing to which an offender is entitled under
> *Bezak* is limited to proper imposition of postrelease control." *Fischer*
> at ¶ 29, 942 N.E.2d 332. When postrelease control is not properly
> included in a sentence for a particular offense, the sentence for that
> offense is void, but "only the offending portion of the sentence is
> subject to review and correction." *Id.* at ¶ 27, 942 N.E.2d 332. The
> new sentencing hearing is limited to the proper imposition of
> postrelease control. *Id.* at ¶ 29, 942 N.E.2d 332.
>
> {¶ 9} The scope of relief is limited and does not permit a reexamination
> of all the perceived errors at trial or in other proceedings. *Id.* at ¶ 25,
> 942 N.E.2d 332, citing *Hill v. United States* (1962), 368 U.S. 424, 430,
> 82 S.Ct. 468, 7 L.Ed.2d 417. The doctrine of "res judicata still applies
> to other aspects of the merits of a conviction, including the
> determination of guilt and the lawful elements of the ensuing
> sentence." *Id.* at paragraph three of the syllabus, 128 Ohio St.3d 92,
> 942 N.E.2d 332; *State v. Hall*, 3d Dist. No. 12–10–11, 2011–Ohio–
> 659, ¶ 12.
>
> {¶ 10} The three assignments of error raised by Avery do not pertain
> to the imposition of PRC. Therefore, they are barred by the doctrine
> of res judicata and are not subject to another appellate review.

\*\*\*

{¶ 15} Avery's new judgment entry of sentencing, which corrected the portion of the sentence pertaining to PRC and specified the method of conviction, cannot be used as a vehicle to reopen all of the other aspects of his case. Avery's appeal from that judgment is limited to the subject of postrelease control. Res judicata is still applicable to the issues Avery has raised today.

*State v. Avery,* 3rd Dist. No. 14-10-35, 2011 WL 3656470, at \*2–4 (Ohio Ct. App. Aug. 22, 2011).  Petitioner thereby has committed a procedural default.  *See Washington v. Turner*, No. 1:18-cv-709, 2020 WL 1983066, at \*8 (S.D. Ohio Apr. 27, 2020).  Further, this Court is bound by a state court's interpretation of state law.  *See Dukles v. Chuvalas*, No. 1:17-cv-2164, 2017 WL 3447830, at \*7 (N.D. Ohio July 5, 2017) (citing *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988)).  Petitioner refers to no legal authority to support this argument that the state appellate court erred.  Ohio courts have applied *Fischer* to cases pending when the Ohio Supreme Court issued its decision in *Fischer*.  *See, e.g., State v. Pugh*, 5th Dist. No. 2010CA00173, 2011 WL 662650 (Ohio Ct. App. Feb. 22, 2011); *State v. Wren*, 9th Dist. No. 25616, 2011 WL 5301774 (Ohio Ct. App. Nov. 2, 2011).  The Ohio Supreme Court has stated that "[a] new judicial ruling may be applied [] to cases that are pending on the announcement date."  *See Ali v. State*, 104 Ohio St.3d 328, 329 (2004).

As to Petitioner's claim that the trial court lacked jurisdiction to re-sentence him on sentences already served, *Petition,* ECF No. 1, PAGEID # 21, Petitioner waived this claim by failing to raise it on appeal.  *See R&R*, ECF No. 46, PAGEID

# 2457–58.  Again, none of the cases referred to by Petitioner support his argument to the contrary.  Moreover, the record does not support his claim.  The trial court conducted the re-sentencing hearing solely for the purpose of appropriate imposition of the term of post-release control.  *See State v. Avery*, 10th Dist. No. 14-10-35, 2011 WL 3656470, at *2 (Ohio Ct. App. Aug. 22, 2011).[3]

Petitioner's claim that the Ohio Court of Appeals unconstitutionally dismissed his Rule 26(B) application as untimely, *see* PAGEID # 20, does not, in any event, provide him a basis for relief.  A petitioner's claim "must directly dispute the fact or duration" of his confinement in order to provide a basis for relief.  *See Ysreal v. Warden, Chillicothe Corr. Inst.*, No. 1:13-cv-34, 2014 WL 7185264, at *6 (S.D. Ohio Dec. 16, 2014) (citing *Kirby v. Dutton*, 794 F.2d 245, 248 (6th Cir. 1986) (citing *Prieser v. Rodriguez*, 411 U.S. 475, 500 (1973)).  "A ground for relief that challenges the correctness of a state judicial proceeding and does not dispute the detention itself is not cognizable.  *Id.* (citing *Kirby*, 794 F.2d at 247–48).  Moreover, "'the writ [of habeas corpus] is not the proper means by which prisoners should challenge errors or deficiencies in state post-conviction proceedings . . . because the claims address collateral matters and not the underlying state conviction giving rise to the prisoner's incarceration.'"

---

[3] The appellate court rejected Petitioner's claim that his judgment was void and that the trial court lacked jurisdiction for failing to comply with Ohio law. *Avery*, 2011 WL 3656470, at *2–3.  However, Petitioner does not raise that same argument here.  Petition, ECF No. 1, PAGEID # 21.

*Cassano v. Bradshaw*, No. 1:03-cv-1206, 2018 WL 3455531 (N.D. Ohio July 18, 2018) (quoting *Kirby*, 794 F.2d at 247) (following *Preiser v. Rodriguez*, 411 U.S. 475 (1973)).

Petitioner's argument that he is entitled to review of the merits of his claims in view of a change in Ohio law likewise fails.  Nothing prevented Petitioner from raising his claim that his convictions constituted allied offenses of similar import or that the trial court's failure to dismiss an alternate juror during deliberations denied him a fair trial on direct appeal.  By failing to do so, Petitioner has waived his right to review of these claims here.  Further, the Ohio Supreme Court did not issue its decision in *Ruff* until March 25, 2015, and long after conclusion of Petitioner's re-sentencing appeal.  In any event, neither *Ruff* nor *Downour,* referred to by the Petitioner*,* provide a basis for consideration of the merits of claims that Petitioner could have raised on direct appeal.  *Russell v. Bunting*, 722 F. App'x 539 (6th Cir. 2018), also referred to by Petitioner, likewise does not assist him.  *Russell* involved application of the law-of-the-case doctrine in Rule 26(B) proceedings and whether it precluded review of a claim of ineffective assistance of counsel where there had been an intervening change in law.  These are not the circumstances here.

The record does not support that Petitioner can establish cause for his procedural default.  Petitioner did not raise in Rule 26(B) proceedings any issue regarding allied offenses of similar import, ineffective assistance of trial counsel, or the presence of an alternate juror during deliberations.  ECF No. 5, PAGEID

# 278–84.  Thus, the ineffective assistance of appellate counsel cannot establish cause for these underlying claims.  *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).  Moreover, the record simply does not support Petitioner's claim that the trial court issued improper or inadequate jury instructions omitting essential elements of the offenses charged in regard to his convictions.  *Transcript,* ECF No. 45, PAGEID # 2300–19; PAGEID # 2335–39.  The record does not support Petitioner's claim of ineffective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668 (1984).  Petitioner therefore cannot establish cause for his procedural defaults on this basis.

For the foregoing reasons, and for the reasons detailed in the Magistrate Judge's R&R, Petitioner's Objection, ECF No. 53, is **OVERRULED.**  The R&R, ECF No. 46 is **ADOPTED** and **AFFIRMED**.  This action is hereby **DISMISSED.**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability.  "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court."  *Jordan v. Fisher*, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make a substantial showing of

the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

The Court is not persuaded that reasonable jurists would debate the dismissal of Petitioner's claims as procedurally defaulted or without merit. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED**.

    **IT IS SO ORDERED**.

                              */s/ Michael H. Watson*
                              **MICHAEL H. WATSON, JUDGE**
                              **UNITED STATES DISTRICT COURT**